United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 21, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>LION RIBBON TEXAS CORP., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-90164 (CML)<br><br>(Jointly Administered) |

**ORDER GRANTING TENTH OMNIBUS OBJECTION TO CLAIMS**

Upon the objection (the "**Objection**")[2] of the Liquidating Trustee in the above-captioned Chapter 11 Cases, for entry of an order pursuant to section 502(a) of the Bankruptcy Code, Bankruptcy Rule 3007, Local Bankruptcy Rule 3007-1, and the Objection Procedures Order disallowing the Amended & Superseded Claims listed on the exhibit annexed to this Order, all as more fully set forth in the Objection; and this Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Objection and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Objection; and upon any hearing held on the Objection; and all Responses, if any, to the Objection have been withdrawn, resolved, or overruled; and this Court having

[1] A complete list of each of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DGA. The Debtors' mailing address for the purposes of these cases is 2015 West Front Street, Berwick, PA 18603.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection or the Plan, as applicable.

determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and it appearing that the relief requested in the Objection is in the best interests of the Trust and Liquidating Trust Beneficiaries; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted as set forth herein.

2. Each Amended & Superseded Claim identified in **Exhibit 1** annexed hereto is disallowed in its entirety for all purposes in the Chapter 11 Cases and shall be expunged from the Claims Register.

3. Nothing herein shall constitute an admission or finding concerning the amount or validity of any of the surviving claims identified on **Exhibit 1** attached hereto.

4. To the extent that a Response was filed regarding any Disputed Claim, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each Disputed Claim.

5. Except as expressly provided otherwise, nothing contained in the Objection or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Liquidating Trustee's or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver or limitation of the Liquidating Trustee's or any party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any prepetition claims, or (vi) a waiver of any Claims or Causes of Action that may exist against any creditor or interest holder.

6. The Claims and Noticing Agent is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order, including updating the Claims Register to reflect such relief.

7. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: September 21, 2026

Christopher Lopez
United States Bankruptcy Judge

**Exhibit 1**

**Amended and Superseded Claims**

| # | Name of Claimant | Amended Claim No. | Debtor Against Whom Disallowed Claim was Filed | Amended Claim Amount and Priority | Surviving Claim No(s). | Surviving Claim Amount and Priority | Debtor Against Whom Surviving Claim will be Listed | Reason for Modification |
|---|---|---|---|---|---|---|---|---|
| 1 | VACMET AMERICAS LLC | 194 | Berwick Offray LLC | Administrative: $0.00<br>503(b)(9): $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $173,433.43<br>Total Claim Amount: $173,433.43 | 1023 | Administrative: $0.00<br>503(b)(9): $62,158.80<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $111,274.63<br>Total Claim Amount: $173,433.43 | Berwick Offray LLC | Claim No. 194 is amended and superseded by Claim No. 1023 |
| 2 | Foshan City Nanhai Kejing Lace Co., Ltd | 947 | Simplicity Creative Corp. | Administrative: $0.00<br>503(b)(9): $283,378.67<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $97,464.89<br>Total Claim Amount: $380,843.56 | 1065 | Administrative: $0.00<br>503(b)(9): $283,378.67<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $119,092.15<br>Total Claim Amount: $402,470.82 | Simplicity Creative Corp. | Claim No. 947 is amended and superseded by Claim No. 1065 |

| | | | | | |
|---|---|---|---|---|---|
| **Total Claims To Be Disallowed:** | **2** | Administrative | $0.00 | Administrative | $0.00 |
| | | 503(b)(9) | $283,378.67 | 503(b)(9) | $345,537.47 |
| | | Secured | $0.00 | Secured | $0.00 |
| | | Priority | $0.00 | Priority | $0.00 |
| | | General Unsecured | $270,898.32 | General Unsecured | $230,366.78 |
| | | Total | $554,276.99 | Total | $575,904.25 |