United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 23, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>LION RIBBON TEXAS CORP., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-90164 (CML)<br><br>(Jointly Administered) |

**SUPPLEMENTAL ORDER GRANTING**
**FOURTH OMNIBUS OBJECTION TO CLAIMS**

Upon the objection (the "**Objection**")[2] of the Liquidating Trustee in the above-captioned chapter 11 cases, for entry of an order pursuant to section 502(a) of the Bankruptcy Code, Bankruptcy Rule 3007, Local Bankruptcy Rule 3007-1 and Objection Procedures Order, disallowing, expunging, reducing, reclassifying, and/or otherwise modifying (as applicable) certain claims, all as more fully set forth in the Objection; and this Court, by order at Docket No. 1270, having previously sustained the Objection other than the claims of DuPont Specialty Products USA, LLC ("**DuPont**") and Flock Tex Inc. ("**Flock Tex**") (collectively, the "**Resolved Claims**"), as well as the claims of Omkar Corporation ("**Omkar**") (the "**Adjourned Claims**"); and this Court having jurisdiction to consider the Objection as to the Resolved Claims and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Objection as to the Resolved Claims and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

---

1 A complete list of each of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DGA. The Debtors' mailing address for the purposes of these cases is 2015 West Front Street, Berwick, PA 18603.

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection or the Plan (as defined in the Objection), as applicable.

notice of the Objection as to the Resolved Claims having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Objection as to the Resolved Claims; and upon any hearing held on the Objection as to the Resolved Claims; and all responses, if any, to the Objection as to the Resolved Claims have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Objection as to the Resolved Claims establish just cause for the relief granted herein; and it appearing that the relief requested in the Objection as to the Resolved Claims (as modified by this Order) is in the best interests of the Trust and Liquidating Trust Beneficiaries; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is sustained with respect to the Resolved Claims as set forth herein.

2. In full and final satisfaction of DuPont's Claim No. 809, DuPont is hereby allowed (a) an Administrative Claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $21,678.71 and (b) a General Unsecured Claim in the amount of $329,371.83. The Liquidating Trustee's objection to DuPont's Claim No. 808 as set forth in the Objection is withdrawn and DuPont is hereby allowed an Administrative Claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $15,507.20 on account of Claim No. 808.

3. In full and final satisfaction of Flock Tex's Claim No. 128, Flock Tex is hereby allowed a General Unsecured Claim in the amount of $166,040.45.

4. The General Unsecured Claims allowed pursuant to paragraphs 2 and 3 of this Order shall receive the same treatment under the Plan as other Allowed Class 3 General Unsecured Claims, as provided in Article III.B.3 of the Plan.

5. Notwithstanding anything in this Order to the contrary, the hearing on the Objection, solely as it related to the Adjourned Claims of Omkar identified on Exhibits 1 and 2 of the proposed order attached to the Objection, is adjourned to a date to be determined by the Liquidating Trustee, subject to the Court's availability.

6. To the extent that a Response was filed regarding any Disputed Claim, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each Disputed Claim.

7. Except as expressly provided otherwise with respect to the Resolved Claims, nothing contained in the Objection or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Liquidating Trustee's or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver or limitation of the Liquidating Trustee's or any party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, or (vi) a waiver of any Claims or Causes of Action that may exist against any creditor or interest holder.

8. The Claims and Noticing Agent is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order, including updating the Claims Register to reflect such relief.

9. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: September 23, 2026

Christopher Lopez
United States Bankruptcy Judge